United States District Court
District of Columbia

| | | |
|---|---|---|
| **JAMES P. REGAN** | * | |
| Plaintiff | * | |
| v. | * | CASE NO. 1:08-cv-00697 |
| | | Judge Royce C. Lamberth |
| **LEX, INC.** | * | |
| Defendant | * | |

* * * * * * * * * * * * *

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant, LEX, Inc. ("LEX"), by counsel, and pursuant to the Federal Rules of Civil Procedure, answers Plaintiff's Complaint, and states as follows:

### FIRST DEFENSE

Defendant admits or denies the corresponding numbered allegations of Plaintiff's Complaint as follows:

1.  To the extent that these averments are not merely legal conclusions to which no response is required, the averments in paragraph 1 of the Complaint are denied.

2.  Denied.

3.  Defendant lacks sufficient knowledge to admit or deny the allegations pertaining to Plaintiff's residence and citizenship. The remaining allegations are denied..

4.  Denied.

5.  Admitted.

6.  Denied.

7.  Admitted.

8.  Admitted.

9. Admitted.

10. Denied.

11. Denied. Defendant is unable to determine what Plaintiff means by "refularly."

12. Denied.

13. Denied.

14. Denied. Plaintiff's terms and conditions of employment are governed by written contracts, which documents speak for themselves.

15. Admitted in part; however, while Plaintiff performed some duties under the contract(s), he did not perform all of his obligations under the contract(s).

16. Denied.

17. Admitted.

18. Denied.

19. Admitted that Plaintiff signed <u>Exhibit</u> 2; denied as to the rest.

20. Denied; the document speaks for itself.

21. Denied.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 of the Complaint.

23. Denied.

24. Denied as to any threats. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 24 of the Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 25 of the Complaint.

26. Denied.

27. Denied; the document speaks for itself.

28. Defendant incorporates by reference its responses to paragraphs 1 through 27 of the Complaint as though fully set forth herein.

29. Denied.

30. Denied.

31. Denied; defendant is unable to determine what Plaintiff means by "numerous."

32. Denied.

33. Denied.

34. Denied.

35. Defendant incorporates by reference its responses to paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36. Denied.

37. Denied.

38. Denied; defendant is unable to determine what Plaintiff means by "numerous.".

39. Denied.

40. Denied.

41. Denied.

42. Defendant incorporates by reference its responses to paragraphs 1 through 41 of the Complaint as though fully set forth herein.

43. Denied; Plaintiff's terms and conditions of employment are governed by written contracts, which documents speak for themselves.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Defendant incorporates by reference its responses to paragraphs 1 through 47 of the Complaint as though fully set forth herein.

49. Denied.

50. Denied.

51. Defendant incorporates by reference its responses to paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52. Denied, the document speaks for itself.

53. Denied.

54. Denied.

55. Denied.

56. Defendant incorporates by reference its responses to paragraphs 1 through 55 of the Complaint as though fully set forth herein.

57. Denied; the document speaks for itself.

58. Denied.

59. Defendant admits that Plaintiff seeks a declaratory judgment, but Defendant denies that such declaratory judgment is proper or that the so-called Covenant Not to Compete is unenforceable.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

All averments not specifically admitted or denied are denied. In addition, the Complaint contains a Prayer for Relief to which Defendant was not required to respond.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff failed to exhaust all applicable administrative remedies.

## FOURTH DEFENSE

Plaintiff's Complaint is barred by estoppel and waiver.

## FIFTH DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations, and the doctrine of laches.

## SIXTH DEFENSE

Plaintiff has failed to mitigate the damages, if any, that he claims against Defendant.

## SEVENTH DEFENSE

Plaintiff's Complaint is barred by accord and satisfaction. Defendant has made all payments due Plaintiff and is not indebted to Plaintiff, as alleged.

## EIGHTH DEFENSE

Plaintiff has failed to satisfy conditions precedent, and Plaintiff's claims of breach of contract are barred by Plaintiff's breaches of such contract(s).

Respectfully submitted,

_____/s/_____
Francis R. Laws
Thomas & Libowitz, P.A.
100 Light Street, Suite 1100
Baltimore, MD 21202-1053
(410) 752-2468

Attorney for Defendant
LEX, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of May 2008, a copy of the forgoing Defendant's Answer to Complaint, was sent first class mail, postage pre-paid to John J. Rigby, McInroy & Rigby, L.L.P., 2200 Wilson Blvd., Suite 800, Arlington, Virginia 22201, Counsel for Plaintiff.

_____/s/_____
Francis R. Laws